IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEREMY GRAY,

  Petitioner,

v.           Civil Action No. 5:06CV95
            (Criminal Action No. 5:05CR13-05)
UNITED STATES OF AMERICA,    (STAMP)

  Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Facts and Procedural History

On June 15, 2005, the pro se[1] petitioner, Jeremy Gray, pleaded guilty in the United States District Court for the Northern District of West Virginia to one count of aiding and abetting the distribution of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On August 4, 2005, the petitioner was sentenced to 235 months of imprisonment. Thereafter, the petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. The government filed a response.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation 83.15. Magistrate Judge Seibert issued a report and recommendation recommending that

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

the petitioner's § 2255 application be denied because in his plea agreement, the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they must file written objections within ten days after being served with copies of the report. The time for objections has now passed, and no objections have been filed to date. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file any objections, this Court reviews the report and recommendation for clear error.

### IV. Discussion

The petitioner states several grounds for relief in his § 2255 petition. Specifically, the petitioner contends: (1) he received ineffective assistance of counsel when his counsel failed to investigate facts and evidence before providing advice on the plea

2

agreement; (2) his counsel was ineffective because he failed to file written objections to the petitioner's criminal history calculation in the presentence report; and (3) the government wrongfully withheld <u>Brady</u> material.

    A defendant who enters into a plea agreement which contains a waiver of the right to collaterally attack a sentence is valid if the defendant knowingly and voluntarily waived those rights as part of the plea agreement. <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005). Such a waiver is also valid where collateral attacks are based upon claims of ineffective assistance of counsel which do not implicate the validity of the plea or the validity of the § 2255 waiver, or which do not relate directly to the plea agreement or the waiver. See <u>Braxton v. United States</u>, 358 F. Supp. 2d 497, 503 (W.D. Va. 2005). To determine the validity of a waiver of collateral-attack rights in a plea agreement, a court must examine the language of the waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. <u>United States v. Blick</u>, 408 F.3d 162 (4th Cir. 2005). A waiver of collateral-attack rights, however, does not apply to claims of ineffective assistance of counsel where the facts giving rise to the claim occurred after the defendant has entered a guilty plea. <u>Lemaster</u>, 403 F.3d at 732.

    Thus, in evaluating the validity of the petitioner's collateral challenge to his sentence under § 2255, this Court must determine whether the petitioner knowingly, intelligently, and

3

voluntarily waived the right to collaterally challenge his sentence, and, insofar as the petitioner's collateral attack is based upon ineffective assistance of counsel, whether the claims of ineffective assistance of counsel call into question the validity of the plea, the validity of the § 2255 waiver itself, or relate directly to the plea agreement or the waiver, and--if they do not--whether the events giving rise to the claim occurred before, during, or after the petitioner entered his guilty plea.

Based upon the waiver provision itself, the plea agreement as a whole, the plea colloquy, and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255 petition be denied because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his sentence when he pleaded guilty to Count Sixteen of the indictment charging him with aiding and abetting the distribution of cocaine base and--to the extent that the petitioner alleges ineffective assistance of counsel--because the facts he alleges constitute ineffective assistance of counsel occurred before he entered his plea of guilty. Specifically, the magistrate judge found that the petitioner signed a plea agreement on May 27, 2005, which stated that he "waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus), where the sentence is 235

months or less."[2]  The magistrate judge also found that the petitioner, who was twenty-six years old and had completed the tenth grade, pleaded guilty in open court and specifically confirmed that he understood the waiver of his appellate and post-conviction rights.  The magistrate judge further found that the petitioner testified that no one had coerced him into pleading guilty or had made any promises to him other than those contained in the plea agreement and that his attorney had adequately represented him, leaving nothing undone that the petitioner believed should have been done.  Finally, the magistrate judge found that the petitioner admitted that he had, in fact, committed the crime to which he was pleading guilty.

Having reviewed the magistrate judge's report and recommendation for clear error and finding none, this Court agrees that because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction and because that the facts giving rise to the petitioner's claims of ineffective assistance of counsel occurred before he entered his guilty plea, the petitioner's application for habeas corpus relief pursuant to § 2255 must be denied.

## V. Conclusion

Because neither party has objected to the report and recommendation of the magistrate judge, and because this Court

---

[2] The plea agreement was accepted and filed by this Court on June 15, 2005.

finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 3, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE